RULEY, JUDGE:
On July 30, 1980, at about 1:30 p.m., the claimant was riding in her 1965 Buick automobile which was being driven by her nephew, David Brady Bragg. Earlier, the claimant had visited her doctor in Hinton, and was being driven to her home in Sandstone. They were proceeding in an easterly direction on Route 7, a narrow, one-lane, blacktop road which the claimant estimated to be the width of a large car and which her nephew estimated to be 10 to 12 feet wide. The speed of the claimant’s vehicle was between 10 and 20 miles per hour when they entered a blind curve. Suddenly, they met a westbound vehicle which forced them partially out of the eastbound lane.
*407 As a result, the right wheels of the claimant’s vehicle struck, in quick succession, four potholes located on the berm but in close proximity to the improved portion of Route 7. According to the claimant, one of the holes was 18 to 19 inches in diameter and 8 inches in depth. While the claimant testified that she was aware of the existence of the holes, since they had been present in the berm since the preceeding winter, she had never notified or complained to the respondent about these holes prior to the accident. Young Bragg, on the other hand, testified that he had no prior knowledge of the existence of the holes.
According to the claimant, the impact of striking the holes caused the left rear wheel of her vehicle to “flew out”, destroying the bearing and exposing the brake shoes. Claimant introduced into evidence various bills reflecting that a total expense of $237.27 was incurred by her in order to restore her car to running condition and to compensate her for lost wages in an amount of $70.50 due to a lack of transportation to work.
Berms are constructed along roads for various purposes, one of which is to provide a haven for vehicles when drivers are confronted with emergency situations, such as that which occurred in this case. As a result, a duty has devolved upon the respondent to exercise ordinary care to maintain berms in a reasonably safe condition. However, in order to predicate liability upon the respondent for a defective berm, it is necessary to establish that the respondent knew or should have known of the defective condition. In the instant case, no evidence was introduced which would establish that the respondent had actual knowledge of the condition of this berm, and there was no attempt to establish that this road was heavily travelled, which evidence would tend to indicate that the respondent should have been aware of the condition of this particular berm. As a matter of fact, the evidence of the narrowness of this road would certainly seem to indicate the contrary. For these reasons, the Court must deny this claim.
Claim disallowed.